IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BILLY FARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:17-CV-00301-RWS |
| | § | |
| BEN E. KEITH COMPANY, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S MOTION TO STRIKE
### PLAINTIFF'S RESPONSE EVIDENCE AND BRIEF IN SUPPORT

Defendant Ben E. Keith Company ("BEK") files this Motion to Strike ("Motion") evidence referenced in and attached to Plaintiff Billy Farris's ("Farris") Response to Motion for Summary Judgment and Brief in Support of Said Response Motion ("Response") [Doc. No. 116] and states:

**I.   INTRODUCTION**

As set forth in BEK's Motion for Summary Judgment [Doc. No. 106], BEK terminated Farris's employment on October 20, 2015, for insubordination—following multiple counseling sessions and corrective action notices—and his failure to follow company directives.

**II.   THE DECLARATIONS**

Farris attached as Exhibit B to his Response four declarations (the "Declarations") of three former and one current BEK employee. Except for the names of the declarants, the Declarations are verbatim identical and state:

> I, [declarant's name], am over the age of 18, am competent to testify to the following from my personal experience and knowledge, and declare as follows:

>1. I was an employee of Ben E. Keith Company in Palestine, Texas.
>
>2. Andrew Gregory was the manager at the facility.
>
>3. Black/african american [*sic*] employees were treated as second class citizens, such as being past [*sic*] over for promotion by the white employees, not provided adequate help on the trucks as were the white employees, black/african american [*sic*] employees were terminated for false reasons, allowing white employees to attend drug rehab programs, and allowing white employees to keep job despite having violated company policies.
>
>I declare under penalty for perjury that the foregoing is true and correct.

[Doc. No. 116-2].

As the following shows, these statements are not based on the declarants' personal knowledge and/or are only opinion and not factual. Thus, these statements are inadmissible under Fed. R. Civ. P. 56(c)(4) and should be stricken.

### III.     ARGUMENT

#### A.     The Standard for Competent Summary Judgment Evidence.

Rule 56(c)(4) requires declarations to:  (1) be made on personal knowledge; (2) set forth facts that would be admissible in evidence; and (3) show affirmatively that the affiant is competent to testify to the matters stated in the declaration. *Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 324 (5th Cir. 1998); *see also Broad. Music, Inc. v. Midtown Beverage, LLC*, 2013 WL 3554406, at *2 (S.D. Tex. July 11, 2013). Further, declarations containing ultimate or conclusory facts, conclusions of law, speculation, and/or unsubstantiated assertions are insufficient to defeat a motion for summary judgment.  *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997); *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995); *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999); *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Gray v. Sage Telecom, Inc.*, 2006 WL 2820075,

at *5 (N.D. Tex. Oct. 2, 2006) *aff'd*, 253 Fed. App'x 402 (5th Cir. 2007)(striking portions of declaration with conclusory statements of fact). A declaration that does not comport with these requirements "is legally insufficient and entitled to no weight." *Carney v. United States*, 2004 WL 1285037, at *12 (N.D. Tex. June 9, 2004).

### B. The Declarations Should Be Stricken as Not Competent Summary Judgment Evidence.

For the following reasons, the third paragraph of the Declarations of Messrs. Mims ("Mims"), Cook ("Cook"), McNaughton ("McNaughton"), and McKinley ("McKinley") should be stricken:

#### 1. The Mims Declaration

BEK terminated Mims's employment on December 30, 2008—seven years before Farris's termination. Accordingly, and as Mims conceded in his deposition:

- He has no personal knowledge of how promotions occurred after his departure from BEK in 2008;

- He has no personal knowledge of how helpers were assigned after his departure from BEK in 2008;

- He has no personal knowledge of BEK's drug rehabilitation process after his departure from BEK in 2008;

- He has no personal knowledge of white employees who kept their jobs despite having violated company policy—after his departure from BEK in 2008; and

- He has no personal knowledge—only opinions, not facts—regarding Farris's termination.

App. 200-201 (Mims Dep., pp. 52:16-54:19; 55:6-16). Therefore, because Mims lacks personal knowledge of any of the statements in paragraph 3 of his Declaration and it should be stricken.

3

### 2. The Cook Declaration

Cook, a current BEK warehouse employee, conceded the following in his deposition:

- He has no personal knowledge—only opinions—regarding the factors evaluated when decision-makers at BEK would promote or move an employee into a new position;

- He has no personal knowledge—only opinions—regarding whether helper assignments were based on race;

- He has no personal knowledge—only beliefs and/or opinions—regarding whether African American employees were terminated for false reasons;

- He is not aware of any African American employees who ever failed a drug test or asked to attend a drug rehabilitation program;

- He has no personal knowledge of the discipline other employees may have received;

- He has no personal knowledge—only beliefs and/or opinions—regarding whether white employees "got away" with infractions that African American employees did not; and

- He has no personal knowledge of white employees who were allowed to keep their jobs after violating company policies.

App. 311; 317-320; 323 (Cook Dep., pp. 44:7-18; 69:18-70:3; 70:4-15; 70:16-72:21; 72:22-74:4; 78:8-78:22; 80:2-5; 92:8-17). Because Cook lacks personal knowledge of any of the statements in paragraph 3 of his Declaration, and/or they are based solely upon opinion and not fact, they are inadmissible. Accordingly, paragraph 3 of his Declaration should be stricken.

### 3. The McNaughton Declaration

BEK terminated McNaughton on October 13, 2014. As he conceded, he has:

- No personal knowledge—only opinions—regarding whether African American employees were treated differently than Caucasian employees;

- No personal knowledge—only opinions—regarding whether promotions were awarded on the basis of race;

- No personal knowledge—only opinions—regarding whether helper assignments were determined or assigned based on the race of the driver;

- No personal knowledge—only opinions—regarding whether African American employees were terminated for false reasons;

- No personal knowledge—only opinions—regarding whether Caucasian employees were allowed to attend drug rehabilitation programs; and

- No personal knowledge—only opinions—regarding whether Caucasian employees were allowed to keep their jobs despite having violated company policies.

(Declaration of Troy McNaughton attached hereto as Exhibit A). Because McNaughton lacks personal knowledge of the statements in paragraph 3 of his Declaration and/or they are opinions or conclusions, it should be disregarded.

### 4. The "Amended" McKinley Declaration[1]

BEK terminated McKinley's employment on April 30, 2014. Therefore, and as he conceded in his deposition:

---

[1] The Court will recall that Farris forged McKinley's original Declaration. [Doc. No. 60]. BEK has no way of knowing definitely whether the Amended McKinley Declaration is genuine or also forged.

- He has no personal knowledge of the circumstances that led to Farris's termination;

- He has no personal knowledge of the factors evaluated when making any promotion decision in connection with a Caucasian employee being promoted over an African American employee because he was not present in the room when the decision was made;

- He has no personal knowledge of the criteria BEK used when assigning helpers;

- He has no personal knowledge of whether the individuals he believes may have been terminated for false reasons were in fact terminated for valid reasons;

- He has no personal knowledge—only beliefs and/or opinions—regarding whether any BEK employee received a DWI and asked to go to alcohol rehabilitation and was denied; and

- Regarding the allegation that BEK allowed white employees to keep their jobs despite having violated company policies, McKinley testified about a group of employees who played golf on company time without permission. He further testified that he has no personal knowledge—only opinions and/or beliefs—regarding how the subject employees were disciplined, if at all.

App. 215, 218-219, 223, 225, 227, 228, (McKinley Dep., pp. 39:17-40:5; 51:12-15, 54:12-56:19, 72:7-9, 72:24-73:16, 80:16-81:16 89:13-22, 92:5-93:12). Thus, Mr. McKinley does not have personal knowledge of any of the statements in paragraph 3 of his Declaration or they are based upon opinion and not fact or are mere conclusions. Accordingly, paragraph 3 of the Amended McKinley Declaration should also be stricken.

## IV. CONCLUSION

For the reasons stated above, BEK respectfully requests that this Court strike paragraph 3 of the Declarations of Messrs. Cook, Mims, McNaughton, and McKinley from Exhibit B to Farris's Response [Doc. No. 116-2].

                      Respectfully submitted,

                      **Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**

By:       */s/ Gary D. Eisenstat*
      GARY D. EISENSTAT
      Texas State Bar No. 06503200
      gary.eisenstat@ogletreedeakins.com
      ANDREW J. MAGID
      Texas State Bar No. 24092744
      aj.magid@ogletreedeakins.com

Preston Commons West
8117 Preston Road, Suite 500
Dallas, Texas 75225
(214) 987-3800 (Phone)
(214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANT
BEN E. KEITH COMPANY**

## CERTIFICATE OF CONFERENCE

In compliance with Local Rule CV-7(h), on December 13, 2017, counsel for Defendant conferred with counsel for Plaintiff by telephone and email regarding the foregoing Motion to Strike Plaintiff's Response Evidence and Brief in Support. Counsel for Plaintiff indicated, via email, that the Motion is opposed.

                    */s/ Andrew J. Magid*
                    Andrew J. Magid

## CERTIFICATE OF SERVICE

      I hereby certify that on December 13, 2017, a true and correct copy of the foregoing document was served via the Court's e-filing system to all parties of record.

                                                */s/ Gary D. Eisenstat*
                                                GARY D. EISENSTAT

32293405.4