# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| BILLY FARRIS | § | |
| --- | --- | --- |
| | § | CASE NO. 6:17-CV-301 |
| v. | § | |
| | § | |
| BEN E. KEITH COMPANY | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions and recommendation for the disposition of this matter has been presented for consideration. Docket No. 127. The Report and Recommendation recommends that Defendant's Motion for Order to Show Cause for Forgeries and Perjury (Docket No. 60) be granted and that the complaint be dismissed with prejudice. Docket No. 127 at 10. The Report further recommends that Defendant should recover its attorney's fees and costs incurred in filing the motion. *Id*. Plaintiff filed written objections (Docket No. 129), and Defendant filed a response (Docket No. 130).

In the Report and Recommendation, the Magistrate Judge concludes that Plaintiff committed perjury in his deposition testimony and that he submitted forged documents to the Court and to opposing counsel in an attempt to further his claims in this case. Docket No. 127 at 8–10. One of the forged documents submitted by Plaintiff to opposing counsel was used in an attempt to obtain confidential personnel records. *Id*. at 10. As a result of this conduct, the magistrate judge determined that dismissal of the case with prejudice is the only effective and appropriate sanction for Plaintiff's conduct. *Id*.

In his written objections, Plaintiff does not dispute that he committed perjury or that he submitted forged documents in the furtherance of his claims. Docket No. 129. Instead, Plaintiff argues that Defendant has not produced all relevant documents in this case and has refused to produce certain requested personnel records. *Id*. at 3. In response, Defendant asserts that Plaintiff's discovery argument is irrelevant to the matter at issue—Plaintiff's perjury and forged documents. Docket No. 130.

Although dismissal is an extreme sanction that should be imposed with restraint, perjured testimony by a plaintiff is egregious conduct that warrants a dismissal with prejudice. *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77–78 (5th Cir. 2011). When a plaintiff offers perjured testimony, he commits a "fraud upon the court" and "this blatant misconduct constitutes contumacious conduct." *Id*. at 78. Here, the Magistrate Judge found that the Plaintiff willfully abused the judicial process by offering both perjured testimony and forged documents in an attempt to advance his claims, a finding, as noted, Plaintiff did not object to in his written objections. Accordingly, dismissal of the complaint is appropriate. *See Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995); *see also Johnese v. Jani-King*, 2008 WL 631237, at *2 (N.D.Tex. Mar. 3, 2008) (finding dismissal particularly appropriate where a plaintiff manufactures evidence purporting to corroborate its substantive claims). A dismissal with prejudice is the only effective and appropriate sanction under these circumstances.

Having made a *de novo* review of the written objections filed by Plaintiff in response to the Report and Recommendation, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit. It is therefore

**ORDERED** that the Report and Recommendation (Docket No. 127) is **ADOPTED.** Defendant's Motion for Order to Show Cause for Forgeries and Perjury (Docket No. 60) is

**GRANTED** and the complaint is **DISMISSED WITH PREJUDICE**. Additionally, Defendant **shall** recover from Plaintiff its attorney's fees and costs incurred in bringing the motion for sanctions. Within 10 business days, Plaintiff shall submit an accounting showing the amount of those fees and costs.

Any motion not previously ruled on is **DENIED**.

**SIGNED this 10th day of January, 2018.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE