## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **BILLY FARRIS** | § | |
| | § | **CASE NO. 6:17-CV-301** |
| **v.** | § | |
| | § | |
| **BEN E. KEITH COMPANY** | § | |
| | § | |

## <u>ORDER</u>

Before the Court is Defendant's Amended Application for Fees Associated with its Motion to Show Cause (ECF 134).   Having considered the application and response, the application is **GRANTED** in part.

*Background*

As a result of Plaintiff's egregious conduct during the litigation of this lawsuit, including the submission of forged documents and the commission of perjury, the Court dismissed Plaintiff's claims with prejudice.  The Order Adopting Report and Recommendation of the United States Magistrate Judge (ECF 131) states that Defendant shall recover from Plaintiff its attorney's fees and costs incurred in bringing the motion for sanctions.

Thereafter, Defendant submitted its amended application to recover its fees and costs. Defendant seeks to recover $36,487.50 in attorney's fees and $4,421.19 in expenses, for a total award of $40,908.69.  The amount requested includes recovery for attorney and paralegal time and expenses spent on discovery related to establishing the forgery and perjury, as well as the filing of the motion.  The application is supported by affidavit and invoices.  Defendant requests that Plaintiff and his attorney, Bob Whitehurst, be held jointly and severally liable for the fees and costs.

Plaintiff filed a response asserting that Plaintiff's counsel should not be held jointly and

1

severally liable for the recovery of fees and costs.  Plaintiff submitted an affidavit stating that he

did not inform his attorney of his forgery and that counsel was acting at all times merely as a

representative of Plaintiff.  Plaintiff argues that the requested fees are excessive and includes time

for paralegal work and work that was done beyond the scope of filing the motion for sanctions.  In

addition, Plaintiff submits that he does not have the ability to pay the requested fees and costs.

Defendant did not file a reply brief.

On August 28, 2018, Plaintiff filed a Motion for Leave to File Additional Documents

Indicating Plaintiff's Inability to Pay Attorney Fees (ECF 13).  Again, Plaintiff argues that he is in

debt and unable to pay for fees and costs.

*Discussion*

In Defendant's motion seeking a sanction against Plaintiff, the Court was presented clear

and convincing evidence that Plaintiff committed perjury in his deposition and submitted forged

documents to the Court and to opposing counsel in an attempt to buttress his claims.  Plaintiff used

one of the forged documents in an attempt to acquire confidential personnel records of a co-worker.

Federal courts have the inherent power to "manage their own affairs so as to achieve the

orderly and expeditious disposition of cases."  *Chambers v. NASCO, Inc*., 501 U.S. 32, 43, 111

S.Ct. 2123, 2132 (1991) (quoting *Link v. Wabash R. Co*., 370 U.S. 626, 630–631, 82 S.Ct. 1386,

1388–1389 (1962)).  "Courts of justice are universally acknowledged to be vested, by their very

creation, with power to impose silence, respect, and decorum, in their presence, and submission to

their lawful mandates."  *Id*. (quoting *Anderson v. Dunn*, 6 Wheat. 204, 227, 5 L.Ed. 242 (1821)).

A court's inherent power includes the power to punish for contempt and to preserve the integrity

of the court by investigating and curing any fraud that is perpetrated upon the court.  *Id*. at 44.  It

is within a court's discretion to "fashion an appropriate sanction for conduct which abuses the

judicial process." *Chambers*, 501 U.S. at 45.  "[T]ampering with the administration of justice . . .
involves far more than an injury to a single litigant.  It is a wrong against the institutions set up to
protect and safeguard the public." *Id*. at 44.

As a result of Plaintiff's inexcusable conduct, the Court dismissed Plaintiff's claims with
prejudice and ordered that Defendant shall recover its attorney's fees and costs incurred in bringing
the motion for sanctions.  The Court noted that Plaintiff's conduct was "especially egregious,
deceitful and repetitive." *See* Report and Recommendation of the United States Magistrate Judge,
ECF 127, at *10 (adopted in Order Adopting Report and Recommendation of the United States
Magistrate Judge, ECF 131).

The assessment of attorney's fees is within the Court's discretion.  *Id*. at 45.  The
determination of attorney's fees that are reasonable involves determining a reasonable number of
hours multiplied by a reasonable hourly rate, which is referred to as a "lodestar" calculation.
*Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).  After the lodestar
calculation is made, the Court may adjust the amount up or down depending upon the
circumstances of the case by applying the *Johnson* factors.  *Id*.; *see also Von Clark v. Butler*, 916
F.2d 255, 258 (5th Cir. 1990).  The so-called *Johnson* factors include: (1) the time and labor
required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal
service adequately; (4) the preclusion of other employment by the attorney because he accepted
this case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or
contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount
involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10)
the undesirability of the case; (11) the nature and length of the professional relationship with the
client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc*., 488 F.2d 714,

717–19 (5th Cir. 1974), *overruled on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939 (1989).

Here, Plaintiff's forgery and perjury were not brought to light by Plaintiff's counsel or Plaintiff.  Instead, Defendant had to spend time and resources to establish the forgery and perjury when questions concerning the veracity of some of the documents arose during the litigation of the case.  Plaintiff has not shown that the time requested in the amended application is excessive for the amount of work that needed to be done to ferret out Plaintiff's misconduct.  Defendant's request to include the time and expenses incurred in discovering and proving the forgery and perjury is reasonable.

Defendant requests an hourly rate of $340.00 per hour for attorney Eisenstat, $305.00 per hour for attorney Magid and $120 per hour for paralegal work.  Plaintiff's response does not dispute that these are reasonable hourly rates.  Instead, Plaintiff objects to the inclusion of paralegal work.  As noted by Plaintiff, paralegal work must be legal rather than clerical to be recovered as attorney's fees.  *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001).  When paralegal work is of a clerical nature rather than legal, it is compensated at a different rate than legal work.  *Walker v. U.S. Dept. of Housing and Urban Development*, 99F.3d 761, 771 (5th Cir. 1996).  Plaintiff's response does not identify the work done by paralegals or explain why it is clerical rather than legal work.  The documentation submitted by Defendant shows paralegal work described as preparing an appendix for the motion to show cause and preparing deposition notices and subpoenas.  *See* Defendant's Amended Application for Fees Associated with its Motion to Show Cause, ECF 134-1 (Exhibit 1).  Defendant seeks a reduced rate for the work done by paralegals that is less than half of what is sought for attorney work in the case.  Plaintiff has not shown that it would be unreasonable for Defendant to recover for paralegal work performed at the rate of

$120.00 per hour.

Plaintiff's request for counsel to be jointly and severally liable, however, is not reasonable. The only finding in the Court's decision concerning counsel's conduct was that Plaintiff's counsel failed to take appropriate actions to alert the Court or opposing counsel upon learning of Plaintiff's conduct. *See* Report and Recommendation of the United States Magistrate Judge, ECF 127, at *10 (adopted in Order Adopting Report and Recommendation of the United States Magistrate Judge, ECF 131). There is no evidence that counsel was involved in the forgery or that he had any prior notice of his client's perjury. Indeed, at the hearing on the motion for sanctions, counsel for Defendant stated, "I will tell you straight up, I do not think for one second that Mr. Whitehurst knew about this. I don't. I really don't." *See* Motion Hearing Transcript, ECF 117, at *16. The core of the misconduct in this case was Plaintiff's bad faith, not his counsel's conduct. With these facts, Defendant has not established that Plaintiff's counsel should be held jointly and severally liable with his client.

The final issue raised by Plaintiff is his ability to pay. Plaintiff submits that he does not have the funds to pay the requested fees and costs. An ability to pay goes to the merits of whether a defendant is entitled to recover an award of attorney's fees and is not assessed in determining whether to adjust the lodestar amount. *Abraham v. Cavender Boerne Acquisition of Texas, Ltd.*, 2011 WL 13127174, at *3, n. 2 (W.D.Tex. July 28, 2011) (citing *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d at 717–19). While the Court is sensitive to Plaintiff's financial situation, the Court is equally disturbed by the nature of the misconduct that occurred in this case. The Court already made a determination in the Order Adopting Report and Recommendation that Defendant shall recover its attorney's fees from Plaintiff.

It is therefore

**ORDERED** that the Amended Application for Fees Associated with its Motion to Show Cause (ECF 134) is **GRANTED** in part.  Defendant Ben E. Keith Company is entitled to recover a total amount of $40,908.69 ($36,487.50 in attorney's fees and $4,421.19 in expenses) from Plaintiff Billy Farris.  It is further

**ORDERED** that Plaintiff's Motion for Leave to File Additional Documents Indicating Plaintiff's Inability to Pay Attorney Fees (ECF 136) is **DENIED**.


So ORDERED and SIGNED this 12th day of September, 2018.


_____

K. NICOLE MITCHELL

UNITED STATES MAGISTRATE JUDGE